### THOMAS W. MOORE AND OTHERS V. C. K. BULLARD.

A bond, executed in 1835, conditioned to convey a part of the land to which the obligor was entitled as a head-right, in consideration of the obligee's locating and clearing out the title to the land, is effectual as to the interest stipulated to be conveyed, where the title has been applied for, and obtained, under the republic and state of Texas.

In such case, the inhibition in the laws of Coahuila and Texas, against the sale, by colonists, of their lands, for six years after the issue of title, will not operate to affect contracts of sale or bonds to convey, where the titles are obtained under the land law of December 14th, 1837.

The obligee, in a bond conditioned to convey him title to a part of the land, for clearing out the title, &c., is not barred, and his claim under it, after performance of the conditions on his part, is not a stale demand, within seven years thereafter.

APPEAL from Hays. Tried below before the Hon. Thomas H. Duval.

This was a suit brought by Charles K. Bullard, on the 12th day of August, 1854, against Thomas W. Moore, W. S. Oldham, William E. Howth, Peter Klein, John M. Costley, Reese Butler, and the administrators of Thomas A. Moore, deceased, for the recovery of one half league of land, based upon a bond executed on the 27th day of January, 1835, by Thomas W. Moore to William E. Howth, for the conveyance to him of one half of the league of land to which Moore was entitled from the government, in consideration that Howth should clear out the title from the office, to the said league, in the name of Moore.

On the 26th of September, 1835, Howth transferred to the plaintiff all his right and title to the bond, and authorized Moore to make the title to him of the one half league of land stipulated for in the bond.

The petition alleged, that Howth had complied with the terms of the bond, by causing the league to be located and surveyed, in the year 1835; and afterwards, on the 13th day of October, 1847, procured a patent to issue therefor, in the name of the said Thomas W. Moore; and also that Moore had sold certain por-

tions of the land to the defendants Oldham, Costley, Klein, Butler, and to Thomas A. Moore, deceased; and prayed for a partition and decree of title to the one half of the league.

The defendants pleaded, "that the said cause of action, arising from the contract between the said defendant, Thomas W. Moore, and William E. Howth, as set out in the petition, is barred by the statute of limitations, and that said demand is stale, and that more than five years have elapsed from the accrual of said cause of action, until the bringing of this suit."

Nathaniel Moore and Elizabeth Moore, joined by her husband, intervened, and claimed one half of the land, in right of their mother, the wife of Thomas W. Moore; to whom she was married in the year 1830, and who died in the year 1836. They claimed that their mother was entitled to one half of the land as community property.

On the trial, the intervenors objected to the introduction of the bond as evidence, for reasons set out in the bill of exceptions taken by them; the court overruled the objection. The assignment of errors specified the overruling of the motion for a new trial, and some other grounds, but neither assigned the ruling on the introduction of the bond, nor was it included in the motion for a new trial, as a ground therefor.

The court charged the jury, in substance, that the performance of the conditions of the bond by Howth, entitled the plaintiff to recover upon it; and refused to give an instruction, asked for by the defendants, "that, if the contract sued on, was entered into in January, 1835, and before any title was acquired to the land, then, the contract was contrary to law, and void," and that therefore the plaintiff could not recover, unless he had proved some subsequent recognition by Moore. And the court refused to give the instructions asked on the statute of limitations.

There was a verdict for the plaintiff for one half of the land, and for the intervenors for one fourth; and judgment was rendered accordingly, with a commission for partition thereof, in accordance with the decree.

The defendants filed a motion for a new trial, and also in

Moore v. Bullard.

arrest of judgment, on the ground that the petition showed on its face, that the contract sued on, was made in violation of law, and was therefore void. These motions were overruled, and the rulings were assigned for error by the appellants.

*John A. & R. Green,* for the appellee.

ROBERTS, J.—The exceptions taken by the intervenors, to the admission of the bond in evidence, and the refusal of their charge, in relation to that evidence, are not so presented in the record as to require a decision.

The main question in the case is, as to the right of action on the bond, for title to one half of his head-right claim, executed by Moore to Howth, in 1835, to secure a location interest in the land; a title to which was prosecuted, and perfected by Howth, under the republic, and under the state, and the patent therefor, procured in 1847. This question was decided in the case of Babb v. Carroll, 21 Texas Rep. 768; and the rights of a party sustained, which were acquired by virtue of a bond, held under circumstances similar to those presented in this case.

The staleness of the demand, is made a ground of defence below. But seven years elapsed between the issuance of the patent, and the commencement of the suit. That is not a sufficient time, under the circumstances of this case, to bar the right of the plaintiff below to demand his rights, acquired under this contract.

Judgment affirmed.